IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE BEASLEY, et. al, | |
| Plaintiffs, | Civil Action No.: |
| v. | 11-CV-03801-TCB |
| CITY OF ATLANTA, | |
| Defendant. | |

# PLAINTIFFS' INITIAL DISCLOSURES

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what defendant did or failed to do, and a succinct statement of the legal issues of the case.**

This case arises under the First and Fourteenth Amendments of the United States Constitution. Plaintiffs seek to hold a 24-hour multi-day protest in a public park in the City of Atlanta. This is impossible, however, because the City bans the use of public parks after 11:00 p.m. and does not provide a permit scheme or exception for activity protected under the First Amendment. While it is possible for the Mayor to issue an executive order to allow the after-hours use of public parks, that exception vests absolute discretion in the Mayor to decide whether to allow or prohibit speech without relying upon objective criteria.

The City's regulation is content-based because it allows certain forms of

commercial conduct (such as loading vendor booths) to occur after hours but does not allow after hours use of parks for non-commercial speech-related activity, including maintaining a vigil or protest.

The City's regulation also violates the First Amendment because it is not narrowly tailored to address the City's needs of preserving public parks because the City allows for large festivals and other use of the parks during daytime hours, but enacts a blanket ban on the nighttime use of parks regardless of the intended purpose, scope of the use, number of people participating in the demonstration, or other relevant factors.

The City's regulation of public parks also violates the First Amendment because there is no other adequate alternative forum available for public speech because sidewalks and streets do not provide a meaningful forum for assembly, protest, or peaceful gathering, and because their use is heavily limited by other City ordinances.

The City's regulation regarding the use of public parks at night constitutes an unlawful prior restraint under the First Amendment because it does not provide a permitting procedure whereby the discretion of city officials is controlled to objective criteria.

Finally, the City's regulation is overbroad because there is no justification for banning protected speech in public parks without enacting a permit scheme to provide for legitimate use and for citizens to engage in protected First Amendment activity.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends**

**are applicable to this action.**

The relevant ordinances of the City of Atlanta code are:

- § 10-60; the challenged ordinance which constitutes a complete ban on the use of public parks at night for speech-related purposes, regardless of the type of permit held
- § 106-12; ban on urban camping in public parks and sidewalks which prohibits expressive or symbolic use of tents as part of a protest
- § 106-3; a ban on gathering "in or about" any station house, jail, detention facilit, courthouse, or other city-owned property with a policy against such activity
- § 106-81; disorderly conduct ordinance which ban on obstructing sidewalks
- § 106-89; ban on residential picketing
- § 138-60; detailed regulations related to the
- § 142-101; states that no permit required for gathering of less than 75 people
- § 142-103; creates a permit process for "large gatherings" of more than 75 people
- § 142-81; creates a permit process and defines "assemblies"
- § 2-182; power of the Mayor to issue executive orders

The following cases support Plaintiffs' causes of action and arguments:

For the proposition that that Occupy Atlanta is engaged in symbolic conduct protected under the First Amendment, Plaintiffs rely on *United States v. Gilbert*, 720 F. Supp. 1554, 1557 (N.D. Ga. 1989) aff'd in part, rev'd in part, 920 F.2d 878 (11th Cir. 1991)(acknowledging "sit[ting]-in at a segregated lunch counter or sleeping in the park to protest the plight of the homeless" as forms of expressive conduct); *Univ. of Utah Students Against Apartheid v. Peterson*, 649 F. Supp. 1200, 1207 (D. Utah 1986) (holding shanties erected by students to protest apartheid "are symbolic expression protected under the first amendment").

For the argument that § 110-60 is content based, Plaintiffs rely on the following

3

cases discussing and establishing that an ordinance that favors commercial speech to the while banning other forms of expression are content-based: *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271 (11th Cir. 2006)(finding an ordinance "unconstitutionally discriminates against non-commercial speech over commercial speech by requiring political signs to be only temporary in nature, while allowing commercial signs to be displayed without time restrictions"); *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 512-13, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981)(where a plurality of the court held that, absent explanation as to why noncommercial billboards located in places where commercial billboards were permitted would be more threatening to safe driving or would detract more from beauty of city, city could not ban noncommercial billboards while allowing commercial billboards); *Dimmitt v. City of Clearwater*, 985 F.2d 1565 (11th Cir.1993).

    For the argument the § 110-60 is not narrowly-tailored, Plaintiffs rely upon *United States v. Gilbert*, 720 F. Supp. 1554, 1559 (N.D. Ga. 1989) aff'd in part, rev'd in part, 920 F.2d 878, Fn. 10 (11th Cir. 1991), which held that a prohibition on use of courthouse grounds must include an exception for sleeping and after-hours use of the property for protest.

    For the argument that § 110-60 does not leave open adequate alternative channels of communication, the following cases illustrate that late-night protests are a unique form of protected speech entitled to protection and that city ordinance must provide for

an exception for spontaneous events: *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1058 (7th Cir. 2004); *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 163 (1969); *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1037 (9th Cir. 2009) cert. denied, 130 S. Ct. 1569, 176 L. Ed. 2d 110 (2010).

For the argument that sidewalks do not provide an adequate alternative channel for communication, Plaintiffs rely on the following cases holding or discussing the fact that the government may not choose a forum contrary to a speaker's ability to express his or her message. *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 790-91, 108 S.Ct. 2667, 2674, 101 L.Ed.2d 669 (1988); *Schneider v. State of New Jersey*, 308 U.S. 147, 151-52 (1939); *Students Against Apartheid Coal. v. O'Neil*, 660 F. Supp. 333, 340 (W.D. Va. 1987).

That § 110-60 is unconstitutionally overbroad: *New York v. Ferber*, 458 U.S. 747, 771, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *Schultz v. City of Cumberland*, 228 F.3d 831, 848 (7th Cir. 2000); *Hoffman Estates v. Flipside Hoffman Estates*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); *Taxpayers for Vincent*, 104 S.Ct. at 2126 (citing *Erznozik v. City of Jacksonville*, 422 U.S. 205, 216, 95 S.Ct. 2268, 2276, 45 L.Ed.2d 125).

Finally, that Mayor's discretion to suspend enforcement of 110-60 is an unconstitutional prior restraint, the following cases establish that a prior restraint cannot vest unfettered discretion in a city official to decide whether to permit or prohibit

speech: *United States v. Abney, 534 F.2d 984 (D.C. Cir. 1977); Lady J. Lingerie, Inc. v. City of Jacksonville*, 176 F.3d 1358, 1361 (11th Cir. 1999). *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1547-48 (11th Cir.1993); *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992); *Thomas v. Chicago Park Dist.*, 534 U.S. 316, 323, 122 S. Ct. 775, 780, 151 L. Ed. 2d 783 (2002).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Attached.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Not applicable.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

No documents or information are in Plaintiffs' possession or control; all tangible evidence is in the possession or control of the City or independent witnesses. Copies of City ordinances, City websites, and executive orders attached to Plaintiffs' Complaint

are in the possession of the City.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable; Plaintiffs seek declaratory judgment, injunctive relief, and attorney's fees.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Not applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

Not applicable.

Respectfully submitted this the 9th day of January, 2012.

| | |
|---|---|
| /s/Jeffrey R. Filipovits | /s/Ralph S. Goldberg |
| Jeffrey R. Filipovits | Ralph S. Goldberg |
| Georgia Bar No. 825553 | Georgia Bar No. 299475 |
| FILIPOVITS LAW FIRM, P.C. | GOLDBERG & CUVILLIER, P.C. |
| 2900 Chamblee-Tucker Road | 755 Commerce Drive |
| Building 1 | Suite 600 |
| Atlanta, Georgia 30341 | Decatur, Georgia 30030 |
| Phone: 770-455-1350 | Phone: 404-378-7700 |
| Fax: 770-455-1449 | Fax: 404-378-7708 |

## CERTIFICATE OF SERVICE

I hereby certify that this Response to Defendant's Motion to dismiss has been served upon the following attorneys through the CM/ECF system which will automatically generate notice of the filing.

>Laura Burton
>Department of Law
>68 Mitchell Street
>Suite 4100
>Atlanta, Georgia 30303

This the 9th day of January, 2012.

>/s/ Jeffrey R. Filipovits
>Jeffrey R. Filipovits
>Georgia Bar No. 825553
>*Attorney for Plaintiffs*

FILIPOVITS LAW FIRM, P.C.
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jrfilipovits@gmail.com

# ATTACHMENT A

The following are individuals who observed the Occupy Atlanta protests and are competent to testify regarding the structure of the protests, manner of protest, and arrests of protesters. Addresses for these individuals are currently unavailable.

| | |
|---|---|
| Sean Hoffman | 312-286-5822 |
| Lisa Hamilton | 404-273-4018 |
| Sarah Stein | 804-338-2996 |
| Eleza Vaughn | 404 431 7236 |
| Amanda Plumb | 404-414-9185 |
| Ryan Hughes | 516-459-6273 |
| Lorraine Fontana | 678-595-6188 |
| Kiana Arakawa | 951-616-9140 |
| Elise Omaits | 810-569-8139 |