IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Joe Beasley et al.,** § § § | |
| **Plaintiffs** § § | **CIVIL ACTION NO.** |
| **v.** § § | **1:11-CV-03801-TCB** |
| **City of Atlanta,** § § | |
| **Defendant.** § | |

_____

# DEFENDANT CITY OF ATLANTA'S INITIAL DISCLOSURES

(**1**) *If the defendants are improperly identified, state defendants correct identification and state whether such defendant(s) will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.*

**RESPONSE**: N/A

(**2**) *Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If defendants contend that there is a question of misjoinder of parties, provide the reasons for defendants' contention.*

**RESPONSE**: Defendant does not contend at this time that there is a question of misjoinder of parties.

**(3)** *Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendants in the responsive pleading.*

**RESPONSE**:   Defendant is a municipal corporation organized according to the laws of the State of Georgia.  This is an action filed by Occupy Atlanta and six Occupy Atlanta protesters claiming that the City's Park Closure Law, set forth in Atlanta Code of Ordinances Section 110-60(a), violates the First Amendment of the United States Constitution.  Plaintiffs claim that the law, which prohibits people from being in City parks after 11:00 p.m. and before 6:00 a.m., is an invalid content-based restriction, an impermissible time, place, and manner restriction, and is overbroad.  Plaintiffs' Complaint also claims that Mayor Reed's revocation of an Executive Order pertaining to the enforcement of City Ordinance 110-60(a) was "arbitrary and unconstitutional decision-making".

Woodruff Park (the "Park") is a City-owned park located on Peachtree Street and Edgewood Avenue in the City of Atlanta. (Complaint, ¶ 16).  The Atlanta Code of Ordinances establishes that "[N]o person shall be in any park or upon any park lane or park drive between the hours of 11:00 p.m. and 6:00 a.m. daily."  (Atlanta Code of Ordinances § 110-60(a); Complaint, ¶38 and Exhibit F).  (The entire contents of Code §110-60(a) are attached to the Complaint as Exhibit F, and the Ordinance is

hereinafter referred to as the "Park Closure Law" or Code §110-60(a)). The City grants an exception to the Park Closure Law for festival or assembly permit holders to perform "*duties* not possible during the normal festival or assembly hours". (Complaint, ¶38 and Exhibit F). This exception applies to all festivals and assemblies, regardless of the purpose or message of the event. Code §110-60(a).

Occupy Atlanta is a political movement that is part of the Occupy Wall Street movement (hereinafter, the "Movement" or the "National Occupy Movement"), and the Movement has spurred protests in cities across the United States. (Complaint, ¶¶ 8, 9). The National Occupy Movement, including Occupy Atlanta, maintains a 24-hour presence on a specific piece of public property as part of its protests. (Complaint, ¶ 14).

On October 6, 2011, individuals associated with Occupy Atlanta began overnight protests in Woodruff Park ("the Park"). On October 10, 2011, Mayor Reed issued an Executive Order, Order 2011-2, which stayed the enforcement of Code § 110-60(a) and allowed people to remain in the Park between 11:00 p.m. through 6:00 a.m. The basis for the Order was the compelling interest created by the unique circumstances of the National Occupy Movement. By law, Executive Order 2011-2 could not remain valid beyond the end of the next full meeting of the Atlanta City

Council, namely October 17, 2011.   On October 17, 2011, the Mayor issued a new Executive Order, Order 2011-3, that continued to suspend enforcement of Code § 110-60(a) in Woodruff Park "through the earlier of the end of the next full meeting of the Atlanta City Council, or until I determine that the compelling need to suspend enforcement no longer exists and accordingly nullify this Order."   On October 25, 2011, Mayor Reed issued Executive Order 2011-4, which revoked Executive Order 2011-3.  Atlanta police arrested fifty-three people in Woodruff Park without incident at approximately 12:45 a.m. on October 26, 2011.  All arrestees were charged with violation of Code § 110-60(a), and were not charged with violating any other City or State law.

Defendant has asserted defenses to Plaintiffs' Complaint, including but not limited to, failure to state a claim upon which relief can be granted.  Defendant contends that the City's Park Closure Law is not content based and is a permissible time, place, and manner restriction and is not overbroad.  Defendant is contending that the Executive Order were proper and justified.  Defendant is not pursuing a counterclaim.

**(4)** *Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.*

**RESPONSE**:

    I.    <u>STATUTES, ORDINANCES and REGULATIONS</u>**:**

        Atlanta City Code Section 110-60 (Use of Public Parks at Night)

        Atlanta City Code Section 2-182 (Executive Order Ordinance)

        October 10, 2011 Executive Order (2011-2)

        October 17, 2011 Executive Order (2011-3)

        October 25, 2011 Executive Order (2011-4)

    **II.**    <u>CASE LAW</u>**:**

        *Gold Coast Publications v. Corrigan,* 42 F.3d 1336 (11th Cir. 1994). (City parks are a public fora) (a restriction is content neutral when it makes no distinction based upon the content of the expression);

        *Ward v. Rock against Racism*, 91 U.S. 781 (1989) (in public forums the government may impose reasonable restrictions on the time, place or manner of protected speech provided the restrictions are content neutral);

        *Thomas v. Chicago Park District*, 534 U.S. 316 (2001) (explaining an ordinance that was not directed to communicative activity);

*Clark v. Community for Creative Non-Violence,* 468 U.S. 288 (1984) (upholding law prohibiting camping and overnight sleeping at two national parks, finding it narrowly tailored to serve significant government interest and was a reasonable time, place, and manner restriction);

*Coalition for the Abolition on Marijuana Prohibition [Camp] v. City of Atlanta,* 219 F.3d 1301 (11th Cir. 2000) (utilizing a common sense approach and finding it obvious that the City has an interest in regulating the use of its parks and streets by large groups);

*Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789 (1984) (explaining the overbreadth doctrine);

*Virginia v. Hicks*, 539 U.S. 113 (2003) (explaining the overbreadth doctrine); and

*Occupy Sacramento, v. Sacramento*, 2011 U.S. Dist. LEXIS 128218

(2011) (denying a request for a temporary restraining order related to allegations that a park closure ordinance was unconstitutional).

**(5)** *Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subject of the information. (Attach witness list to Initial Disclosures as Attachment A).*

**RESPONSE**: See Attachment A.

**(6)** *Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in F.R.Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.*

**RESPONSE**: Defendant has not retained any experts as of the making of these disclosures. Defendant reserves the right to supplement this response at such time as any expert is retained.

**(7)** *Provide a copy of, or description by category and location of, all documents, data, compilations, and tangible things in your possession, custody, or control that are relevant to the disputed facts alleged with particularity in the pleadings.*

**RESPONSE**: The City of Atlanta Code Sections referenced herein are public records and have been attached to the City of Atlanta's Motion to Dismiss. The Executive Orders have also been attached to the City of Atlanta's Motion to Dismiss.

**(8)** *In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or description by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under F.R.Civ.P. 34.*

**RESPONSE**: Defendant is not asserting any damages against Plaintiff.

**(9)** *If defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.*

**RESPONSE**: Defendants are not claiming at this time that some other person or entity is liable to Plaintiff.

**(10)** *Attach for inspection and copying as under F.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse from payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).*

**RESPONSE**: Defendants do not have such insurance coverage.

          **RESPECTFULLY SUBMITTED**,

          **CATHY HAMPTON**
          **City Attorney**
          Georgia Bar No. 321899

                                              ROBIN JOY SHAHAR
                                              Senior Assistant City Attorney
                                              Georgia Bar No. 089435

                                              <u>/s/ Laura S. Burton</u>
                                              LAURA S. BURTON
                                              Senior Assistant City Attorney
                                              Georgia Bar No. 627385

CITY OF ATLANTA DEPARTMENT OF LAW
68 Mitchell Street, Suite 4100
Atlanta, Georgia 30303
(404) 330-6753 (telephone)
(404) 494-1670 (fax)
<u>lburton@atlantaga.gov</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **Joe Beasley et al.** | § § § | |
| **Plaintiffs** | § § | **CIVIL ACTION NO.** |
| **v.** | § § | **1:11-CV-03801-TCB** |
| **City of Atlanta,** | § § | |
| **Defendant.** | § | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2012, I electronically filed a copy of Defendant's Initial Disclosures with the Clerk of Court using the CM/ECF system and will send a certified copy of the filings to Plaintiffs via US Mail, to the following addresses:

Jeffrey R. Filipovits
FILIPOVITS LAW FIRM, P.C.
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341

Ralph S. Goldberg
GOLDBERG & CULLIVIER, P.C.
755 Commerce Drive
Suite 600
Decatur, Georgia 30030

**CATHY HAMPTON**
**City Attorney**
Georgia Bar No. 321899

ROBIN JOY SHAHAR
Senior Assistant City Attorney
Georgia Bar No. 089435


/s/ Laura S. Burton
LAURA S. BURTON
Senior Assistant City Attorney
Georgia Bar No. 627385


CITY OF ATLANTA DEPARTMENT OF LAW
68 Mitchell Street, Suite 4100
Atlanta, Georgia  30303
(404) 330-6753 (telephone)
(404) 494-1670 (fax)
lburton@atlantaga.gov

# **ATTACHMENT A**

Mayor Kasim Reed
City of Atlanta
Office of the Mayor
55 Trinity Avenue
Atlanta, Georgia 30303

Chief of Police George N. Turner
Deputy Chief of Police Calvin W. Moss
City of Atlanta Police Department
226 Peachtree Street
Atlanta, Georgia 30303

George Dusenbury
Commissioner Department of Parks, Recreation and Cultural Affairs
233 Peachtree Street NE
Suite 1600/1700
Atlanta, Georgia 30303

Chief of Fire Kelvin J. Cochron
City of Atlanta Department of Fire Rescue
226 Peachtree Street SW
Atlanta, Georgia 30303

The Former COO of the City of Atlanta, Peter Aman.  Defendant City of Atlanta will forward his last known contact information to Plaintiffs if requested.

These individuals would have knowledge regarding the Executive Orders and the actions that occurred in Woodruff Park as referenced in Plaintiffs' Complaint and Amended Complaint.

City Defendants reserve the right to supplement this list should they learn of additional witnesses.