**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JOE BEASLEY, VINCENT FORT, LILIANA BAKHTIARA, JASON WOODY, MELVIN SMITH, JOE DIAZ, and OCCUPY ATLANTA,** : : : : : : | |
| **Plaintiffs,** : : | |
| v. : : | **CIVIL ACTION FILE NO. 1:11-CV-3801-AJB** |
| **CITY OF ATLANTA,** : : | |
| **Defendant.** : | |

## **O R D E R**[1]

This matter is before the Court to resolve various pre-discovery matters. For the reasons below, Defendant's motion to dismiss is **DENIED AS MOOT**. Further, Plaintiffs are **DIRECTED** to file a second amended complaint within **seven (7) days**, and Defendant is **DIRECTED** to file a motion to dismiss the second amended complaint, if at all, within **fourteen (14) days** following Plaintiffs' filing of the second amended complaint.

---

[1] The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. [Doc. 31].

AO 72A
(Rev.8/82)

### I.   Relevant Procedural History

On November 4, 2011, Plaintiffs filed suit against Defendant City of Atlanta for alleged violations of the First Amendment to the United States Constitution, [Doc. 1], and the case was assigned to Judge Batten, [Doc. 4 at 1].  Plaintiffs also filed an emergency motion for temporary restraining order and preliminary injunction. [Doc. 3].  Judge Batten held a hearing on the motion, [Docs. 7 (Minute Sheet), 20 (Transcript)], then denied it, [Doc. 6].  On December 9, 2011, Defendant filed a motion to dismiss Plaintiffs' complaint.  [Doc. 15].  On December 27, 2011, Plaintiffs filed an amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, [Doc. 17], along with a response to the motion to dismiss, [Doc. 18].  On January 13, 2012, Defendant filed its reply.  [Doc. 25].  On January 23, 2012, the parties filed their joint preliminary report and discovery plan, [Doc. 27], and on January 26, 2012, the parties consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, [Doc. 31].

### II.   Discussion

In their amended complaint – filed after Defendant's motion to dismiss – Plaintiffs state that "[t]his amendment is not intended to moot the City's

2

motion to dismiss and simply incorporates factual allegations, exhibits, and facts that arose subsequent to the filing of Plaintiffs' original complaint." [Doc. 17 at 1]. This amended complaint, however, superseded the original complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). Further, the amended complaint renders moot the motion to dismiss because that motion seeks to dismiss a pleading that has been superseded. *See Renal Treatment Ctrs. v. Franklin Chevrolet*, No. 6:08-cv-87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that the motion to dismiss based "on a pleading that [was] entirely irrelevant" was moot where the pleading was superseded by an amended complaint); *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.*, No. 8:07-cv-2143, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) (concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); *Mizzaro v.*

AO 72A
(Rev.8/82)

*Home Depot, Inc.*, No. 1:06-cv-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint). Plaintiffs evidently recognized this authority, [*see* Doc. 17 at 1 ("This amendment is not intended to moot the City's motion to dismiss . . . .")], but they did not cite any caselaw suggesting that the motion to dismiss could be found not moot. The motion to dismiss is therefore **DENIED AS MOOT**. [Doc. 15].

Even were the Court otherwise disposed to ignore the above-cited authority based on the particular circumstances of a given case, this would not be such a case. Because the factual allegations in the original and amended complaints are not the same, [*compare* Doc. 1 (original complaint) *with* Doc. 17 (amended complaint)], many of the fact and exhibit citations in the motion to dismiss are now incorrect, [*compare* Doc. 15 (motion to dismiss) *with* Doc. 17 (amended complaint)]. This will not promote the orderly disposition of this case. Further complicating the efficient resolution of this case is the fact that the exhibits attached to Plaintiffs' amended complaint are not labeled with an exhibit number or letter. [*See* Docs. 17-1 through 17-16].[2] For these

---

[2] The electronic docket does divide the exhibits into exhibit letters, [*see* Dkt. Entry dated 12/27/2011], but these designations are not visible on the documents themselves, [*see* Docs. 17-1 through 17-16].

4

AO 72A
(Rev.8/8
2)

reasons, Plaintiffs are **DIRECTED** to file a second amended complaint within **seven (7) days** of the entry of this Order.  In this second amended complaint, Plaintiffs **SHALL** label each exhibit with an exhibit letter or number, and the exhibits **SHALL** be preceded by an exhibits list.  Further, Defendant **SHALL** file a motion to dismiss the second amended complaint, if it all, within **fourteen (14) days** following the filing of the second amended complaint.

### III.   Conclusion

For the reasons above, Defendant's motion to dismiss is **DENIED AS MOOT**. [Doc. 15].  Further, Plaintiffs are **DIRECTED** to file a second amended complaint within **seven (7) days**, and Defendant is **DIRECTED** to file a motion to dismiss the second amended complaint, if at all, within **fourteen (14) days** following Plaintiffs' filing of the second amended complaint.

**IT IS SO ORDERED AND DIRECTED**, this the 1st day of February, 2012.

_____  
**ALAN J. BAVERMAN**  
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)